UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Concetta Vasquez Anunciacion,<br>Petitioner<br>-vs-<br>Chuck DeRosa, et al.,<br>Respondents. | CV-11-1947-PHX-DGC (JFM)<br><br>**Report & Recommendation On Petition<br>For Writ Of Habeas Corpus** |

# I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Federal Detention Center at Eloy, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).  On January 25, 2012 Respondents filed their Answer (Doc. 8). Petitioner filed a Reply on March 14, 2012 (Doc. 10).  Pursuant to this Court's Order, Respondents filed a Supplemental Answer (Doc. 14) on September 7, 2012.  Petitioner has not filed a supplemental reply.

The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

# II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

## A. FACTUAL BACKGROUND

In an Order filed March 29, 2012, the Immigration Court described the factual background as follows:

> The respondent is a 42 year old female, who was born in the

1

> Philippines. She first entered the United States on March 6, 1993. She obtained lawful permanent resident ("LPR") status by assuming the identity of another person, Michelle Agustin Llacuna.
>
> * * *
>
> Accordingly, prior to immigrating to the United States, the respondent assumed the entirety of Michelle Llacuna's identity. More precisely, she adopted all of Michelle Llacuna's biographical information, including Ms. Llacuna's: name; date of birth; place of birth; and parents' information. She additionally admitted that she knew that Michelle Llacuna was a real person because her father told her that Ms. Llacuna's family had sold Ms. Llacuna's personal information to the agency which provided the respondent with her false identity.
>
> * * *
>
> On February 23, 2000, the respondent naturalized and was granted United States citizenship… In 2002, the respondent met her husband, Narciso Gonzalez Anunciacion ("Mr. Anunciacion") in the United States. And, on June 26, 2004, she married him in Las Vegas, Nevada, under her fraudulent name, Michelle Llacuna.
>
> * * *
>
> Following an application for a United States passport in May 2008, government agents appeared at the respondent's house, requesting an opportunity to speak with Michelle Llacuna. Her husband refused to provide any information to the agents, stating that he wished to obtain an attorney. The agents left the· premises. After the agents departed, the respondent revealed her true name to her husband.
>
> Approximately two years later, the same government agents returned to the respondent's home and arrested her pursuant to a warrant. Apparently, under pressure from investigators, the Filipino agency that had provided the respondent with her false identity revealed the names of its past clients, including the respondent.
>
> On October 19, 2010, the respondent was convicted of: False Personation in Naturalization Proceeding; Procurement of Naturalization Unlawfully; False Statement of Passport Application; and Furnishing False Information to the Social Security Administration, all offenses in violation of federal law. The District Court for the Central District of California subsequently denaturalized the respondent.

(Doc. 11, Exhibit, Order 3/29/12 at 5-6.)

## B. REMOVAL PROCEEDINGS

**Removability** - On October 28, 2010, following Petitioner's conviction and denaturalization, Petitioner was served with a Notice to Appear (Exhibit D), charging Petitioner with being removable based on her denaturalization, convictions, etc.. (Exhibits to the Answer, Doc. 8, are referenced herein as "Exhibit ___.")  At an initial hearing on December 6, 2010, the immigration court sustained all of the allegations of

the Notice to Appear, and found Petitioner removable. On March 4, 2011, the Service filed additional charges, alleging that Petitioner was removable based upon her conviction of two crimes involving moral turpitude. (Exhibit G.) Petitioner did not contest the allegations, and on February 22, 2012, the Immigration Court sustained those allegations.

**Relief from Removal** - Petitioner sought a waiver of inadmissibility pursuant to INA § 237(a)(1)(H), and an adjustment of status under INA § 245. On March 29, 2012, the immigration court found the Petitioner statutorily eligible for a waiver under § 237, but found as a matter of discretion that Petitioner did not merit relief, weighting "heavily" Petitioner's "extensive history of fraud and criminality." Consequently, the court in turn found Petitioner ineligible for an adjustment of status. Accordingly, Petitioner was ordered removed to the Philippines. (Doc. 11, Attachment, IJ Order 3/29/12.)

**Review** - Petitioner sought review from the Board of Immigration Appeals. In an Order filed August 24, 2012, the BIA affirmed the decisions of the immigration judge and dismissed the appeal. (Doc. 14, Supp. Ans. at Exhibit 2, BIA Dec. 8/24/12.)

## C.  PROCEEDINGS ON DETENTION

Petitioner was detained at the inception of the removal proceedings, and sought a redetermination of her custody status. On January 21, 2011, the Immigration Court found it sufficiently established that her offenses constituted two crimes of moral turpitude so as to subject Petitioner to mandatory detention, thereby denying the court of jurisdiction to release Petitioner. (Exhibit F, Attachment, IJ Order 1/21/11; Exhibit E, Order 12/1/10.) Petitioner appealed to the BIA, which found that the immigration judge had properly found her crimes to be separate offenses, and not part of one common scheme, and dismissed the appeal. (Exhibit F, BIA Dec. 3/21/11.)

/ /

/ /

## D. PRESENT HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing her Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 4, 2011, (Doc.1), during the pendency of her applications for relief. Petitioner's Petition asserted a single grounds for relief, that she was not subject to mandatory detention because the immigration court and BIA had improperly concluded that her crimes did not constitute a single scheme of criminal misconduct.

**Response** - On January 25, 2012, Respondents filed their Response (Doc. 8), arguing that Petitioner's Petition amounts to an attack on her order of removal, and that this Court lacks jurisdiction to consider the claim, and alternatively that the claim was still pending before the agency and thus was not ripe for review.

**Reply** - On March 14, 2012, Petitioner filed a Reply (Doc. 10), arguing that even if otherwise subject to mandatory detention, she has been detained so long that her detention is a violation of due process, citing, *Casas Castrillon v. DHS*, 535 F.3d 942 (9th Cir. 2008), *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005), etc. On April 10, 2012, Petitioner filed copies of the Immigration Judge's denial of her application for relief from removal, indicating an intent to seek an appeal of that decision with the Board of Immigration Appeals.

**Order for Supplements** - Liberally construing the Petition, and taking into account the new arguments raised in Petitioner's Reply, the undersigned found the parties to be arguing apples and oranges. In part, that is because Petitioner has asserted new bases for relief in her reply. In light of the shifting nature of the underlying dispute, rather than requiring Petitioner to file an amended petition, the court directed supplemental briefing. (Order 8/31/12, Doc. 13.)

**Supplemental Answer** - On September 7, 2012, Respondents filed their Supplemental Answer (Doc. 14), arguing that Petitioner is now mandatorily detained pursuant to 8 U.S.C. § 1226(a), and that she was within the six month period in which detention is presumptively constitutional under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Petitioner has not replied, and the time to do so has now expired.

### III. APPLICATION OF LAW TO FACTS

In *Casas-Castrillon v. DHS*, 535 F.3d 941 (9th Cir. 2008), the court observed that "the Attorney General's authority over an alien's detention shifts as the alien moves through different phases of administrative and judicial review." *Id.* at 945. The Ninth Circuit concluded that the mandatory detention of criminal aliens under 8 U.S.C. § 1226(c) only continued through administrative removal proceedings, and that the discretionary detention under § 1226(a) applied "upon the dismissal of the alien's appeal by the BIA," where the Petitioner had appealed that ruling to the Ninth Circuit. *Id.* at 948. Had Casas not done so, his detention would have been under § 1231(a). *Id.* at 947.

**<u>Pre-Removal Order Detention</u>** - Here, Petitioner was originally detained pursuant to 8 U.S.C. § 1226(c), which governs the detention of aliens in removal proceedings. Petitioner's detention pursuant to that statute ended on August 24, 2012, when a final order of removal was entered by the Board of Immigration Appeals, without further appeal to the Ninth Circuit. (*See* Supp. Ans., Doc. 14, Exhibit 2, BIA Dec. 8/24/12.)

A habeas petition may be rendered moot following a subsequent release from custody, absent other, collateral consequences that flow from the complained of imprisonment. *Lane v. Williams,* 455 U.S. 624 (1982). While the existence of such collateral consequences is irrebuttably presumed in some habeas challenges to criminal convictions, *see e.g., Sibron v. New York,* 392 U.S. 40 (1968); *Chacon v. Wood,* 36 F.3d 1459 (9th Cir. 1994), no such presumption applies to habeas petitions challenging immigration detention.

Petitioner's attacks on her detention pursuant to § 1226(c), including her allegation that she was not subject to mandatory detention, and her allegations that her detention under that provision has simply gone on too long, have been rendered moot by the BIA's dismissal of her appeal of her order of removability, and the resulting

5

imposition of detention pursuant to § 1226(a).

**Post-Removal Order Detention** – Respondents argue that Petitioner is currently detained pursuant to § 1226(a). Here, however, there is no indication that Petitioner has sought judicial review of her order of removal. Accordingly, the undersigned concludes that Petitioner is currently detained pursuant to 8 U.S.C. § 1231(a), which governs the detention of aliens subject to a final order of removal. That statute makes detention mandatory during the removal period (for 90 days after the final order of removal) and discretionary thereafter.

Although then attacking her now terminated detention under § 1226(c), Petitioner argued that her detention has simply gone on too long. In *Zadvydas v. Davis*, the Supreme Court addressed the sometimes extended detention of aliens during removal processes. The Court acknowledged that there are due process limits beyond which detention fails to serve its purported purposes, and thus is not constitutionally permissible. "A statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Zadvydas*, 533 U.S. 678, 690 (2001). Thus, the Court established a bright line rule that provides that after a six month opportunity to execute on its order of removal, the Government is required to show that the removal of the alien will be completed within the reasonably foreseeable future. The Court noted that the longer the alien remains in detention, the more immediate the anticipated removal must be. *Id.* at 701. "Detention for 6 months, including the 90-day removal period, is 'presumptively reasonable.'" *Khotesouvan v. Morones*, 386 F.3d 1298, 1300 (9th Cir. 2004) (quoting *Zadvydas*, 533 U.S. at 701).

Here, Petitioner's order of removal became final on August 24, 2012 on dismissal of her appeal. Thus, her detention through November 23, 2012 is mandatory. Further, her detention through February 23, 2013 will be presumptively reasonable.

Despite being afforded an opportunity to do so, Petitioner has failed to mount any other challenge to her present detention.

Accordingly, the Petition is without merit and must be denied.

## IV.  CERTIFICATE OF APPEALABILITY

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  However, such certificates are only required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). This case arises under 28 U.S.C. § 2241, and does not attack a State court detention.  Accordingly, no ruling on a certificate of appealability is required, and no recommendation thereon will be offered.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed October 5, 2011 (Doc. 1) be **DENIED**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-

47 (9th Cir. 2007).

Dated: October 9, 2012

11-1947r RR 12 08 30 on HC.docx

_____
James F. Metcalf
United States Magistrate Judge